| | | |
|---|---|---|
| Robert L. Watkins; Dr. Robert J. Williams; Geneva L. Watkins, | ) ) ) | C/A No. 3:17-2635-RBH-PJG |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| Capital City Bank as Successor in Interest to Farmers and Merchants Bank; Goodman, McGuffey, Lindsey, and Johnson, LLP, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

The plaintiffs, proceeding *pro se*, bring this action alleging various state law claims against the defendants. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for lack of subject matter jurisdiction and without issuance and service of process.

**I.     Factual and Procedural Background**

Plaintiffs allege Robert L. Watkins purchased a cashier's check on July 13, 2000 in the name of Doge, Inc. from Peoples Community Bank. The check was purchased for the purpose of making payments on two notes held by Farmers and Merchants Bank, the predecessor to Defendant Capital City Bank. The notes apparently represented debt held by Knob Hill Assisted Living Center in Evans, Georgia. It is not clear what relation Watkins, Doge, or Knob Hill Assisted Living Center had to each other. Plaintiffs claim Robert Watkins presented the cashier's check issued in the name of Doge, Inc. to Farmers and Merchants Bank for payment on the two notes on July 14, 2000.

Plaintiffs claim this payment satisfied the outstanding payments due on the notes up to October 2000. However, Plaintiffs claim Farmers and Merchants Bank initiated foreclosure proceedings in July 2000 against property apparently held by Knob Hill Assisted Living Center and Plaintiff Geneva L. Watkins. Plaintiffs claim the foreclosures were illegal and destroyed their lives.

Plaintiffs further allege the CEO of Farmers and Merchants Bank lied in court proceedings about whether Robert Watkins made payment on the notes at issue. Plaintiffs further allege Capital City Bank and its legal counsel defamed Robert Watkins and Geneva Watkins in court proceedings. Finally, Plaintiffs generally allege that the defendants have violated their civil rights and right to due process. Plaintiffs list the following causes of action against the defendants: unjust enrichment, denial of due process, libel, violation of civil rights, and violation of banking laws.

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. The court possesses the inherent authority to review a *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, even if the complaint is not subject to the prescreening provisions of 28 U.S.C. § 1915. See Mallard v. U.S. Dist. Court, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) ("[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid . . . [and] because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.") (citations

*PJG*

omitted); see also Fitzgerald v. First E. Seventh Street Tenants Corp., 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177, 1181 (7th Cir. 1989) ("[A] district court's obligation to review its own jurisdiction is a matter that must be raised *sua sponte*, and it exists independent of the 'defenses' a party might either make or waive under the Federal Rules."); Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981) (providing a judge may dismiss an action *sua sponte* for lack of subject matter jurisdiction without issuing a summons or following other procedural requirements).

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

B. **Analysis**

The instant case is subject to summary dismissal because Plaintiffs fail to demonstrate federal jurisdiction over their claims. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Id. at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the

*PJG*

court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see also Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]"

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question" under 28 U.S.C. § 1331, and (2) "diversity of citizenship" pursuant to 28 U.S.C. § 1332. As discussed below, the allegations contained in Plaintiffs' Complaint do not fall within the scope of either form of this court's limited jurisdiction. First, federal question jurisdiction requires the plaintiff to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiffs' allegations do not assert that the defendants violated a federal statute or constitutional provision, nor is any source of federal question jurisdiction otherwise evident from the face of the pleading. Instead, the Complaint generally alludes to violations of civil rights and banking laws. However, such conclusory statements without supporting facts or citation to specific legal precedent establishing a cause of action they seek to pursue fails to adequately establish federal question jurisdiction under Rule 8. See Burgess v. Charlottesville Sav.

*PJG*

& Loan Ass'n, 477 F.2d 40, 43-44 (4th Cir. 1973) ("[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit[,] nor does federal jurisdiction attach on the bare assertion that a federal right or law has been infringed or violated or that the suit takes its origin in the laws of the United States.") (internal citations and quotation marks omitted).  Therefore federal question jurisdiction does not exist in this case.

Second, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000.  Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side.  See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 nn. 13-16 (1978).  In absence of diversity of citizenship, the amount in controversy is irrelevant.  Here, Plaintiffs' Complaint indicates Plaintiffs Robert Watkins and Geneva Watkins and Defendant Capital City Bank are residents of Florida.[1]  Therefore, complete diversity does not exist and the court lacks diversity jurisdiction in this matter.  Kimble v. Rajbal, 556 F. App'x 261, 262 (4th Cir. 2014) (" If one defendant is a citizen of the same state as the plaintiff, complete diversity is nonexistent, and federal jurisdiction will not lie.") (citing Owen, 437 at 373-74).

Finding no federal question on the face of Plaintiffs' Complaint and a lack of diversity among the parties, and there being no other basis of jurisdiction apparent from the Complaint, the court concludes the matter should be summarily dismissed for lack of subject matter jurisdiction.

---

[1] As to corporate parties, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1); see also Hoschar v. Appalachian Power Co., 739 F.3d 163, 170 (4th Cir. 2014).



**III.    Conclusion**

Accordingly, the court recommends that this action be summarily dismissed without issuance and service of process for lack of subject matter jurisdiction.[2]

_____
October 5, 2017Paige J. Gossett
Columbia, South CarolinaUNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important notice on the next page.*

---

[2] If Plaintiffs do not file an amended complaint establishing the court's subject matter jurisdiction over this action within the fourteen-day objection period, the action should be dismissed *with prejudice*. See Grady v. White, 686 F. App'x 153 (4th Cir. 2017) (finding district court's order dismissing complaint without prejudice was neither a final order nor an appealable interlocutory or collateral order because the pleading deficiencies identified by the district court could have been remedied by the filing of an amended complaint).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).