UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Robert L. Watkins, Dr. Robert J. Williams, and Geneva L. Watkins, <br><br> Plaintiffs, <br><br> v. <br><br> Capital City Bank, as successor in interest to Farmers and Merchants Bank; and Goodman, McGuffey, Lindsey, and Johnson, LLP, <br><br> Defendants. | Civil Action No.: 3:17-cv-02635-RBH <br><br><br><br> **ORDER** |

This matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). *See* R & R [ECF No. 8]. The Magistrate Judge recommends that the Court summarily dismiss this action for lack of subject matter jurisdiction and without issuance and service of process. R & R at pp. 1, 6.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiffs have not filed objections to the R & R, and the time for doing so has expired.[1] In the

---

[1] Plaintiffs' objections were due by October 23, 2017. *See* ECF Nos. 8 & 9.

absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)). Failure to file timely objections constitutes a waiver of de novo review and a party's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

After a thorough review of the record, the Court adopts and incorporates by reference the Magistrate Judge's R & R [ECF No. 8], *except as modified by Footnote 2 below*. Accordingly, the Court **DISMISSES** this action *without prejudice*[2] and without issuance and service of process.

**IT IS SO ORDERED.**

Florence, South Carolina  
October 24, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[2] The Magistrate Judge recommended the dismissal be *with prejudice* "[i]f Plaintiffs do not file an amended complaint establishing the court's subject matter jurisdiction over this action within the fourteen-day objection period." R & R at p. 6 n.2. However, because this action is being dismissed for lack of subject matter jurisdiction, the Court respectfully declines to adopt this recommendation and instead dismisses the action *without* prejudice. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims." (alteration in original) (citation omitted)); *see, e.g.*, *Walker v. Laundry*, No. 17-6158, 2017 WL 3912734, at *1 (4th Cir. Sept. 7, 2017) (finding the plaintiff's "state law claims should have been dismissed for lack of subject matter jurisdiction, and that such dismissal should have been without prejudice"); *Cohen v. Hurson*, 623 F. App'x 620, 621 (4th Cir. 2015) ("Because Cohen's state law claim was properly dismissed for failure to plead facts establishing subject matter jurisdiction, that dismissal 'must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.'" (quoting *Broadlands*, 713 F.3d at 185)).